**GOODRICH SILVERTOWN STORES, etc**
**v F M RUGG MOTOR SALES CO**

Ohio Common Pleas, Licking Co

No 30159

Frank Southard, Newark, for plaintiff.
McDonald & McDonald, Newark, for defendant.

## OPINION

By SLABAUGH, J.

This case is an appeal from the Municipal Court of the City of Newark, Ohio. An agreed statement of facts was submitted with the pleadings in this case. A review of the facts in short is—that F. M. Rugg Company sold a certain Plymouth coupe to James Goltrie and that a balance remained due and unpaid in the sum of $432.60. A chattel mortgage was taken on the automobile to secure the payment thereto which was duly executed and filed. On May 13, 1937, the Goodrich Company sold to James Goltrie four tires and tubes and placed the same on the car in question and allowed him a credit on the new tires of $14.00.

Sales contract was properly filed. Goltrie failed to make payments due on May 23rd 1937, and there remained due and unpaid a balance of $89.62 at the time said automobile was repossessed by the F. M. Rugg Co., on July 1, 1937, which then had on it the four new tires in question. The plaintiff notified defendant of these facts and offered to return the original tires and tubes received in exchange. The Goodrich tires were reasonably worth at the time of repossession of the automobile by the defendant the sum of $50.00 and it is claimed that $50.00 was the market value of these new tires after the use to which they then had.

The only question in this case is whether the plaintiff is entitled to the second four tires placed on this car or the value thereof. There is no dispute as to the facts in this case.

The only question in this case is whether the plaintiff is entitled to the four tires it placed upon this automobile on May 13, 1937. or its equivalent value in money.

The defendant had taken a chattel mortgage upon the automobile sold to James Goltrie for $432.60 and the same was filed

in the office of the recorder of Licking County, Ohio, July 13, 1936, and was in full force and effect until July 27, 1937, when car was repossessed by defendant. Now, on May 13, 1937, before said automobile was repossessed by the defendant and while defendant's chattel mortgage was on file and was in full force and effect, plaintiff placed four tires, as described in its petition, upon the automobile of James Goltric and which was under mortgage to the defendant. The old tires removed, an allowance of $14.00 was made on the price of the four new tires.

The plaintiff knew, or by reasonable diligence should have known, that the old tires removed from the automobile of Goltrie were under chattel mortgage. The chattel mortgage of defendant was a public record and plaintiff knew or with reasonable diligence could have known that the tires were under mortgage which were accepted as credit, at least, plaintiff had constructive notice that the tires received in exchange for the tires of plaintiff were under mortgage. The court has read carefully the opinion, Rite Credit Tire Co. v A. E. Williams Auto Sales Co., 10 Abs page 428, decided by Judge Martin of that court.

This court cannot agree with the Municipal Court of Dayton, Ohio. There is another fact in this case under consideration which differs from the Dayton Municipal Court case. Plaintiff in the case under consideration received the four old tires as part payment upon its four new tires and appropriated them as its property well knowing, or, with reasonable diligence should have known, that the defendant had a chattel mortgage lien upon the same and well knowing or by reasonable diligence could have known, having constructive notice, that defendant had a lien and also the conditions of defendant's chattel mortgage.

If this were so, it would be futile to take and file a chattel mortgage.

This case also differs from the other cases cited in Judge Martin's opinion where the tire company that sold the tires did not know on what car the tires were to be placed. These four tires under original mortgage and replaced by the four tires of plaintiff became by the contract of sale the property of the plaintiff, and while chattel mortgage was taken on these tires for the unpaid balance, plaintiff's action in receiving and taking of the four old tires originally on the car was an implied waiver of its claim to said new tires as to the claim of defendant but not a release of the balance to be paid by the purchaser.

The question as to the tires being severable is not a question in this case. Many parts of an automobile are severable but necessary to its operation. In fact, very few parts are not severable aside from the tires and can be removed from the car without material injury to other parts of the car.

In Securities Co. v Orlow, 107 Oh St 583, the Ohio Supreme Court has decided, in the opinion of the court, the validity and notice of the filing of a chattel mortgage, and that the provisions are binding upon all persons and is notice to the whole world. Therefore, the notice was binding upon the plaintiff herein.

In Keller v Evans, 14 Oh Ap 265, the court held that the mortgagee of an automobile has a right to replevin, notwithstanding permanent repairs have been made thereon by the purchaser. This court held that the doctrine of caveat emptor applied. The purchaser was bound to know the seller of the automobile was the owner of it. The court on page 267 in the opinion says, "in the case at bar the property was not changed into another species, but simply enhanced in value by the accessions placed thereon by the trespasser, Keller. Hence under such circumstances, Evans, the owner and the one entitled to the possession of said automobile, cannot be compelled to pay Keller, the trespasser, for the improvements on said automobile, as the law neither divests Evans of the property nor requires him to pay for such improvements made without his consent, approval or authority."

The same reasoning is held in 124 Oh St 169. In this case the court held the lien of the mortgagee was superior to the claim of the mechanic who claims possession of any automobile under an artisan's lien and that the lien of the chattel mortgage is superior.

The fact that plaintiff had notice, or at least constructive notice of the lien of defendant in this case under consideration and placed the four tires thereon, and took as part payment the four old tires and appropriated them to its own use does not give it a lien upon the tires superior to the defendant. When defendant's tires were taken and new ones replaced thereon, as far as defendant was concerned, it was the same as if the transaction had been for cash.

This case has given the court much concern and many cases have been investigated not herein cited. The judgment of the Municipal Court of the City of Newark,

Ohio, is reversed and judgment is rendered for the defendant. Exceptions.